O’Nearr, J.
delivered the opinion of the Court.
The law of carriers, has been so often the subject of legal investigation in England, and in this State, that there would seem to be little room for doubt as to its principles. In their application to cases, there can be less difficulty than in most others: for the rules are few and obvious, and are strictly to be adhered to. A boat-man carrying for freight is a common carrier, and as such'is liable to all losses, except such as may arise from the act of God, Íor the enemies of the country. He is regarded as an insurer to this extent. If a loss occurs, the onus is on him to show, that it arose from the causes which exempt him from- liability.
These rules, it has often been said, are hard, and ought not to be enforced here. But I apprehend they are founded on the wisest policy. Suppose the question in each case be made to turn on negligence ; how is the consignor or consignee of goods to prove it? Nine times out of ten, the only witnesses who could speak to the transaction, are the very persons who, are themselves charged to be the cause of the loss. Without attributing bad motives to witnesses in such a situation, we are all sufficiently versed in the human character, to say, that they would always negative every imputation of negligence. The rigour of the rule, too, necessarily creates a great degree of care: every carrier knows that he is an insurer against all losses, except such as arise from the act of God, or the enemies of the country; and hence regarding his lading as his own, he uses every precaution which he would do with his own property. There can be no hardship in enforcing any contract, which is voluntarily made, *423 on a valuable consideration. The carrier assumes his great responsibility for the sake of freight: in success, he may rejoice in the fortunate results of his adventurous and hazardous undertaking ; in failure, he cannot complain that he is visited with the necessary consequence of adventure, loss.
In the case of the Steam Boat Company ads. Bason, Harp. 262, an exception is introduced as additional to the act of God, or the enemies of the country, as “ where the loss could not be guarded against by human skill and prudence.” This however, is improperly stated as constituting another case of exemption: If it is not actus Dei, it cannot excuse. The case, however, to| which this additional cause of exemption was supposed to be necessary, was that of hidden snags in the usual channel of the river. But that was clearly referrible to the act of God. Frequent freshets, the continual changes of the channel, and deposits of snags thereby, arise immediately from no human-agency, and can be guarded against by no human skill, and hence come clearly within the exception of the act of God. See Ewart v. Street, decided at Charleston, February, 1831. supra, p. 157. The rule on this subject appears to be, that where a boat, pursuing the usual boat channel, runs upon an unknown snag, the carrier shall be excused for the loss. What is the usual boat channel, and the circumstance that no snag was ever known to be there before, must be proved by the carrier. If he pursues an unusual route with his boat, and loss occurs, he must bear it» But in running a river which in its whole width is used as a boat channel, he is at liberty to take any route he may think proper.
From the evidence, I conjecture that the whole river at the place where the injury occurred, was usually run by boats, and that the route pursued by the plaintiff was as much the boat channel as any other part of the river: and if the case had been sub* mitted to the jury on that question, and they had found for the plaintiff, we should not have disturbed the verdict. But it appears that the presiding Judge submitted to the jury to decide', whether the plaintiff had or had not been guilty of negligence. This was erroneous.« The jury ought to have been instructed that the plaintiff was liable for all losses, except such as arose from the act of God, or the enemies of the country: that if the loss arose from the boat running upon an unknown snag in the *424 usual channel of the river, it was from the act of God, and the pia¡ntj|f was no¿ liable; otherwise, that he would be. The mo* tion for a new trial is granted.
Motion granted.